UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRELLE MOTRAY HENDERSON, JR.,

        Plaintiff,                                  Hon. Robert J. Jonker

v.                                           Case No. 1:25-cv-00839

KEVIN S. PETERSON, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on July 28, 2025, and filed an application to proceed in this Court without prepaying fees or costs—or to proceed *in forma pauperis* (IFP). (ECF Nos. 2, 6). The Court granted Plaintiff's application to proceed IFP (ECF No. 7) and has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it was frivolous, malicious, or failed to state a claim upon which relief could be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

## BACKGROUND

Plaintiff initiated this action while incarcerated at the Kent County Correctional Facility. (ECF No.1, PageID.4). It is unclear whether Plaintiff is still incarcerated. In his complaint, Plaintiff asserts legal malpractice and ineffective assistance of counsel claims under 42 U.S.C. § 1983 against his former defense attorney, Defendant Kevin S.

Peterson, and Defendant Lesley Kranenberg, Plaintiff's former public defender, arising from their representation of him in his 2024 criminal case.   (ECF No. 1, PageID.5-7).

## LEGAL STANDARD

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).   As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "   *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*.   First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.   But where the well pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678-79 (citations omitted).

## ANALYSIS

Plaintiff asserts that Defendant Petersen was his defense counsel in his 2024 criminal case.    (ECF No. 1, PageID.4-6).    Plaintiff also asserts that Defendant Kranenberg was appointed to him as his public defender in making his § 1983 claims against her.   (ECF No. 1, PageID.4, 7).

Section 1983 "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law."   *Smith v. City of Salem*, Ohio, 378 F.3d 566, 576 (6th Cir. 2004).   To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law.   *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Plaintiff's § 1983 claims against both Defendants fail because they are not state actors subject to that statute.   "It is well-settled that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983."   *Dallas v. Holmes*, 137 Fed. Appx. 746, 752 (6th Cir. 2005).   Further, "[i]t is firmly established that a public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983."   *White v. Robertson-Deming*, 9 Fed. Appx. 418, 419-20 (6th Cir. 2001) (citing *Polk County v. Dodson*, 454 U.S. 312, 321 (1981)).   For these

reasons, Plaintiff's § 1983 claims fail against both Defendants, and this action should be dismissed.

**CONCLUSION**

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed.    For the same reasons the undersigned makes these recommendations, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.    *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within the specified time waives the right to appeal the District Court's order.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: February 17, 2026                    /s/ Phillip J. Green
                                          PHILLIP J. GREEN
                                          United States Magistrate Judge

-4-